IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL ACTION NO. 2:05-00194-01

NORMAN RALPH UNDERWOOD

## MEMORANDUM OPINION AND ORDER

Pending is defendant's form motion and affidavit, filed February 22, 2008, seeking (1) a reduction in sentence pursuant to 18 U.S.C. § 3582(c), and (2) appointment of counsel.

On November 1, 2007, the United States Sentencing Guidelines ("Guidelines") were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base.  Subsequently, the Sentencing Commission amended U.S.S.G. § 1B1.10 to make the crack amendment retroactive ("retroactive amendment"), effective March 3, 2008.

The March 1, 2006, Statement of Reasons appended to the Judgment in this action reflects that the court adopted the presentence report without modification.  The presentence report ("PSR") reflects that cocaine base was neither the subject of the offense of conviction nor included in calculating defendant's relevant conduct.  (See PSR ¶¶ 43, 53-54).  The retroactive amendments are limited to cocaine base.  See U.S.S.G. amend. 706, 711 (Nov. 1, 2007); United States Sentencing Commission, Amendments to the Sentencing Guidlines 70-85 (May 1, 2007)

(stating "the problems associated with the 100-to-1 [cocaine base to cocaine powder] drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems.").

Inasmuch as cocaine base played no role in defendant's incarceration, he may not rely upon the retroactive amendment for modification of his sentence.  See 18 U.S.C. § 3582(c)(2) ("The court may not modify a term of imprisonment once it has been imposed <u>except</u> that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>."); U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").

Regarding the matter of counsel, defendant is not entitled to a court-appointed lawyer to assist in prosecution of

2

his section 3582(c) motion. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("It is well settled that 'a criminal defendant has no right to counsel beyond his first appeal.' Coleman v. Thompson, 501 U.S. 722, 756, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). . . . A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'") (citations omitted); Standing Ord. for Petits. Seeking Retroact. Applic. ¶ III.e (S.D. W Va. Feb. 6, 2008) ("Counsel is not appointed under the Expedited procedure. . . . If the offender appears eligible [under the Standard procedure], the District Judge may order the Federal Public Defender to undertake the representation . . . or appoint counsel.") (emphasis supplied).[1]

In view of the relative simplicity of the issues presented, and the apparent certainty that defendant is ineligible for relief under the retroactive amendment, appointment of counsel is unnecessary.

---

[1] Additionally, the appointment of counsel under these circumstances is at best discretionary under the district's Criminal Justice Act Plan. See Criminal Justice Act Plan, Art. III.B (S.D. W. Va. May 24, 2004).

3

Based upon the foregoing, the court ORDERS that the defendant's motions pursuant to section 3582(c) and for appointment of counsel be, and they hereby are, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER: March 21, 2008

John T. Copenhaver, Jr.
United States District Judge